IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530-0001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses it receives and disseminates its findings and any records it receives to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

*A. The OIP-Bondi Request*

5. On February 21, 2025, Plaintiff submitted a FOIA request to the Office of Information Policy ("OIP"), a component of Defendant, seeking access to the following:

> All records of communication between Attorney General Bondi and any other individual or entity regarding any lists or other records depicting the identities of clients or associates of Jeffrey Epstein. This request includes, but is not limited to, all records related to the Department's compilation, distribution, handling, and the potential public release of any such record or the information contained therein.

The request—hereinafter referred to as the "OIP-Bondi Request"—also referenced a news report to provide further clarification: "For purposes of clarification, please see: https://www.foxnews.com/politics/bondi-says-epsteinclient-list-sitting-my-desk-right-now-reviewing-jfk-mlk-files."

6. By letter dated February 27, 2025, OIP acknowledged receipt of the OIP-Bondi Request and advised Plaintiff that the request had been assigned tracking number FOIA-2025-02863. OIP also invoked FOIA's 10-day extension of time provision for "unusual circumstances."

7. Plaintiff has received no further response from OIP regarding the OIP-Bondi Request.

### B. The DOJ-Epstein Request

8. On February 27, 2025, Plaintiff submitted a FOIA request to the Criminal Division, another component of Defendant, seeking access to the following:

> All records related to Jeffrey Edward Epstein, born in New York City on January 20, 1953, and died on August 10, 2019 in New York City.

The request—hereinafter referred to as "DOJ-Epstein Request"—was submitted via the FOIA.gov portal and received the same day it was submitted.

9. By letter dated February 28, 2025, the Criminal Division acknowledged receipt of the DOJ-Epstein Request and advised Plaintiff that the request had been transferred to the Executive Office for U.S. Attorneys ("EOUSA"), another component of Defendant.

10. By letter dated March 7, 2025, EOUSA acknowledged receipt of the DOJ-Epstein Request and advised Plaintiff that the request had been assigned FOIA tracking number EOUSA-2025-002362.

11. In a second letter dated March 7, 2025, EOUSA alleged that the DOJ-Epstein Request was duplicative of an earlier request submitted by Plaintiff, tracking number EOUSA-2020-00062, that was still being processed. EOUSA advised Plaintiff that the DOJ-Epstein request would be processed under the earlier request and that it had closed the DOJ-Epstein request as a result. EOUSA also advised Plaintiff that the decision to close the DOJ-Epstein request was a final, appealable determination. On information and belief, Plaintiff submitted EOUSA-2020-000062 in late 2019 and has not yet received a determination.

12. Plaintiff administratively appealed EOUSA's final determination regarding the DOJ-Epstein request on the same day EOUSA issued its determination, March 7, 2025. Defendant subsequently assigned Plaintiff's appeal tracking number A-2025-01029.

13. Plaintiff has received no further response from EOUSA regarding Plaintiff's appeal.

### C. The FBI-Epstein Request

14. Also on February 27, 2025, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), another component of Defendant, seeking access to the following:

> All records related to Jeffrey Edward Epstein, born in New York City on January 20, 1953, and died on August 10, 2019 in New York City.

The request—"hereinafter referred to as "FBI-Epstein Request"—was submitted via the FBI's e-FOIA portal and received the same day it was submitted.

15. By letter dated March 17, 2025, the FBI acknowledged receipt of the FBI-Epstein Request and advised Plaintiff that the request had been assigned FOIPA Request No. 1662711-000.  In a second latter also dated March 17, 2025, the FBI invoked FOIA's 10-day extension of time provision for "unusual circumstances."

16. Plaintiff has received no further response from the FBI concerning the FBI-Epstein Request.

### D. The FBI-Patel Request

17. On February 28, 2025, Plaintiff submitted another FOIA request to the FBI seeking access to the following:

> All records of communication between Director Patel and any other individual or entity regarding any lists or other records depicting the identities of clients or associates of Jeffrey Epstein.  This request includes, but is not limited to, all records related to the Department's compilation, distribution, handling, and the potential public release of any such record or the information contained therein.

The request—"hereinafter referred to as "FBI-Patel Request"—was submitted via the FBI's e-FOIA portal and received the same day it was submitted.

18. By letter dated March 17, 2025, the FBI acknowledged receipt of the FBI-Patel Request and advised Plaintiff that the request had been assigned FOIPA Request No. 1662669-000. In a second latter also dated March 17, 2025, the FBI invoked FOIA's 10-day extension of time provision for "unusual circumstances."

19. As of the date of this Complaint, Defendant has failed to produce the requested records or demonstrate that the requested records are lawfully exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

20. Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

21. Defendant is in violation of FOIA.

22. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA's requirements.

23. Because Defendant failed to make final determinations on the OIP-Bondi Request, the FBI-Epstein Request, the FBI-Patel Request, as well as on Plaintiff's administrative appeal of the DOJ-Epstein Request within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys'

- 6 -

fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 8, 2025                                        Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
DC Bar No. 1028811
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
Email: lburke@judicialwatch.org

*Counsel for Plaintiff*