UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>   Defendant. | Civil Action No. 25-1056 (LLA) |

# ANSWER[1]

The United States Department of Justice ("Defendant" or "Department"), through undersigned counsel, hereby answers Judicial Watch, Inc.'s ("Plaintiff's") Complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

1. This paragraph consists of Plaintiff's legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

2. This paragraph consists of Plaintiff's legal conclusions regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant admits that it is an agency within the executive branch within the meaning of 5 U.S.C. § 552(f). The remaining allegation in this paragraph consists of a legal conclusion to which no response is required.

## STATEMENT OF FACTS

*The OIP-Bondi Request*

5. Defendant admits that the Department of Justice's Office of Information Policy ("OIP") received a FOIA request from Plaintiff dated February 21, 2025. Defendant respectfully refers the Court to the request itself for the most accurate representation of its contents.

6. Defendant admits that OIP acknowledged receipt of Plaintiff's February 21, 2025, FOIA request by letter dated February 26, 2025. Defendant respectfully refers the Court to the letter itself for the most accurate representation of its contents.

7. Defendant admits that at the time of the Complaint's filing on April 8, 2025, OIP had not yet responded further to Plaintiff. Defendant avers, however, that OIP responded to Plaintiff's request by letter dated April 15, 2025.

2

*The DOJ-Epstein Request*

8. Defendant admits that the Criminal Division received a FOIA request from Plaintiff on February 27, 2025. Defendant respectfully refers the Court to the request itself for the most accurate representation of its contents.

9. Defendant admits the allegations in this paragraph.

10. Defendant admits that the Department of Justice's Executive Office of U.S. Attorneys ("EOUSA") acknowledged receipt of the request by letter dated March 7, 2025. Defendant respectfully refers the Court to the letter itself for the most accurate representation of its contents.

11. Defendant admits that EOUSA sent a second letter dated March 7, 2025. Defendant respectfully refers the Court to the second letter itself for the most accurate representation of its contents.

12. Defendant admits that Plaintiff administratively appealed the request. Defendant respectfully refers the Court to the appeal itself for the most accurate representation of its contents.

13. Defendant admits the allegations in this paragraph.

*The FBI-Epstein Request*

14. Defendant admits that the Federal Bureau of Investigation ("FBI") received a FOIA request from Plaintiff on February 27, 2025. Defendant respectfully refers the Court to the request itself for the most accurate representation of its contents.

15. Defendant admits that the FBI responded to the request with two letters dated March 17, 2025. Defendant respectfully refers the Court to the letters themselves for the most accurate representation of their contents.

16. Defendant admits that, as of the filing of the Complaint, the FBI had no further communication with Plaintiff about the request.

*The FBI-Patel Request*

17. Defendant admits that the FBI received a FOIA request from Plaintiff on February 28, 2025. Defendant respectfully refers the Court to the request itself for the most accurate representation of its contents.

18. Defendant admits that the FBI responded to the request with two letters dated March 17, 2025. Defendant respectfully refers the Court to the letters themselves for the most accurate representation of their contents.

19. Defendant admits that, as of the filing of the Complaint, the FBI had neither produced any records in response to the request nor demonstrated that the requested records, if such records exist, are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

20. Defendant incorporates and re-alleges its response to the prior paragraphs.

21. Defendant denies the allegations in this paragraph.

22. Defendant denies the allegations in this paragraph.

23. The allegations in this paragraph contain a legal conclusion to which no response is required.

**PRAYER FOR RELIEF**

The remaining paragraph contains Plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in the prayer for relief and further avers that Plaintiff is not entitled to the requested relief or any relief whatsoever.

**DEFENSES**

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

1. Plaintiff is not entitled to compel the production of any records exempt from disclosure by one or more exemptions to FOIA.

2. This Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by FOIA.

3. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

4. In responding to Plaintiff's FOIA request, Defendant is exercising due diligence considering the existence of exceptional circumstances. *See* 5 U.S.C. § 552(a)(6)(C).


Date:  June 6, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      */s/ Sam Escher*
         SAM ESCHER, D.C. Bar #1655538
         Assistant United States Attorney
         601 D Street, NW
         Washington, DC 20530
         (202) 252-2531
         Sam.Escher@usdoj.gov

*Attorneys for the United States of America*