UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

      Plaintiff,

    v.

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 25-1056 (LLA)

## JOINT STATUS REPORT

Plaintiff Judicial Watch, Inc. and Defendant U.S. Department of Justice, through undersigned counsel, respectfully submit this joint status report.

At issue in this Freedom of Information Act lawsuit are three FOIA requests served on the U.S. Department of Justice for records related to Jeffrey Edward Epstein, who died in federal custody in 2019.

**DEFENDANT'S POSITION**

On February 17, 2026 – in accordance with the Court's February 3, 2026, Minute Order – Defendant sent an email to Plaintiff explaining the following:

**FBI**

For FOIA request 1662669-0 (the portion asking for Director Patel's communications):

- Director Patel was the custodian searched
  - o Texts, Skype messages, emails, and Teams messages
- Search terms were "Epstein" + "List", "Epstein" + "Client", "Epstein + "Associates", and "Epstein" + "Public Release"
- Date range for search: February 20, 2025 – March 17, 2025
- (no responsive records)

For FOIA request 1662711-0 (the Epstein any and all request):

- The materials responsive to this request fall under the releases made by DOJ under the Epstein Files Transparency Act.

**EOUSA**

The materials responsive to this request fall under the releases made by DOJ under the Epstein Files Transparency Act.

**OIP**

OIP conducted a search of AG Bondi's emails for the date range 1/20/25 through 2/26/25 (the date the search was initiated) using the term "Epstein". The search returned zero emails.

Since sending an email with the information above, both the FBI and EOUSA are re-routing the FOIA requests for "all records related to Jeffrey Edward Epstein, born in New York City on January 20, 1953, and died on August 10, 2019 in New York City" to OIP for handling.

Regarding Plaintiff's characterizations and complaints outlined below about perceived deficiencies in Defendant's searches or handling of Plaintiff's request, Defendant disagrees with the characterizations and complaints; however, Defendant will decline to elaborate on why it disagrees at the risk of turning a joint status report into a merits briefing. Defendant is working with Plaintiff to address the perceived issues outlined below.

Defendant respectfully requests that the parties file another joint status report in about 60 days, which would be by May 29, 2026. Defendant opposes search declarations at this time because they would provide little more than what has been communicated between the parties via email.

**PLAINTIFF'S POSITION**

Plaintiff corresponded with opposing counsel ahead of this status report aiming to learn details about the searches, per the Court's February 3, 2026 Minute Order. On February 17, 2026, Defendant initially provided Plaintiff the limited information bulleted above. In the ensuing weeks, DOJ's public releases under the Epstein Files Transparency Act continued to fluctuate, with numerous documents removed from the production, and others uploaded by Defendant as late

as March 6, 2026.[1]  On March 25, 2026, Plaintiff sent Defendant a list of questions regarding records missing from the Epstein release to which Defendant has yet to respond.

In the same correspondence, Plaintiff listed questions and suggestions regarding the fruitless searches conducted for AG Bondi's communications and FBI Director Patel's communications.  While counsel corresponded with Plaintiff about these requests today and yesterday, significant search issues remain unresolved.  Defendant's counsel forwarded component positions on the below questions this afternoon, and Plaintiff is reviewing.

- Why was OIP's search for AG Bondi's Epstein-related communications limited to the time before the FOIA was acknowledged, against the standard practice of searching for records all the way up to the date the search was initiated?  When was this search initiated?

- AG Bondi issued a formal letter dated February 27, 2026, to Director Patel, chronicling extensive back-and-forth communication with the FBI about processing the Epstein files, emphasizing the FBI's obfuscation and unresponsiveness on the matter, and directing Director Patel to investigate why her directives about Epstein's list had not been followed.  See Exhibit 1.

- Why was this letter not found, despite containing the words and phrases "Epstein" and "Epstein's list"?  It was in OIP's possession as sent by AG Bondi and in the FBI's possession as received by Director Patel.

- Where are all the communications with the FBI that AG Bondi references?  These communications are responsive to Plaintiff's FOIA.

---

[1] Paula Reid & Hannah Rabinowitz, Have We Seen the Last of the Epstein Files? Lawmakers and Victims Want More Released, CNN (Mar. 18, 2026), https://www.cnn.com/2026/03/19/politics/epstein-files-next-steps-congress-victims-law.

- In the OIP search, was the Boolean symbol used for variant word endings of "Epstein", e.g. "Epstein!" or "Epstein*"?

- For the FBI search of Director Patel's communication about Epstein's network, were Boolean symbols used, or just the stated "Epstein" + "List" and others noted above?  Note: this search would not reveal "Epstein's list"

- Why was the search for FBI records arbitrarily limited to end on March 17, 2025, while the search was not even completed as of the latest Joint Status Report, dated January 28, 2026.  ECF No. 13.

- When was the search for Director Patel's communications initiated?

- Why did the FBI not search Epstein's name without the additional terms in Director Patel's communications as DOJ did with AG Bondi's communications in a nearly identical request?

- Why was AG Bondi's February 27, 2025, letter not found in the FBI's search of its recipient, Director Patel's, communications?

It is simply not plausible that AG Bondi did not use the word "Epstein" in a single communication with anyone within her office, with the FBI, or with others, despite numerous public announcements and engagements on the topic.[2]  The attached letter is proof of that.  Given the above, Plaintiff has reasonable bases to be skeptical about the thoroughness of Defendant's search of AG Bondi's and Director Patel's communications.

DOJ and FBI leadership's handling of this process, as well as the Epstein files themselves, remain matters of intense public scrutiny.  Plaintiff submitted the underlying FOIA requests over

---

[2] See Haley Chi-Sing, Bondi Says Epstein Client List 'Sitting on My Desk' for Review, THE HILL (Feb. 20, 2025), https://thehill.com/homenews/5158153-jeffrey-epstein-client-list-bondi-review/.

a year ago, in February 2025. See ECF No. 1.  After no less than a year of Defendant submitting status reports indicating the FBI was continuously searching Director Patel's communications, Defendant issued a March 27, 2026, letter saying the FBI discovered no records.

Knowing that AG Bondi's letter to Director Patel used the very terms FBI claims to have searched, and was transmitted to Director Patel during the search window, Plaintiff thinks it reasonable to request that Defendant provide a detailed search declaration within thirty days, or by April 30, 2026.

For the same reason, in the interest of resolving these key questions in a timely manner, Plaintiff renews its January request for a search declaration from OIP about the AG Bondi search. We request the same also be provided within thirty days, or by April 30, 2026.  With the search declarations, Plaintiff does not oppose the next status report being in 60 days, by May 30, 2026. Without the search declarations, Plaintiff respectfully requests the next joint status report be due in 30 days on or before April 30, 2026.

Date:   March 31, 2026                              Respectfully submitted,

*/s/ Philumina Johanni*                             JEANINE FERRIS PIRRO
PAUL J. ORFANEDES                                   United States Attorney
DC Bar No. 429716
PHILUMINA JOHANNI*                          By:  _____*/s/ Sam Escher*_____
Judicial Watch, Inc.                                SAM ESCHER, D.C. Bar #1655538
425 Third Street SW, Suite 800                      Assistant United States Attorney
Washington, DC 20024                                601 D Street, NW
Phone: (202) 646-5172                               Washington, DC 20530
Email: porfanedes@judicialwatch.org                 (202) 252-2531
Email: pjohanni@judicialwatch.org                   Sam.Escher@usdoj.gov

*Counsel for Plaintiff*                             *Attorneys for United States of America*
*Admitted Pro Hac Vice*