UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 25-1056 (LLA)

**JOINT STATUS REPORT**

Plaintiff Judicial Watch, Inc. and Defendant U.S. Department of Justice, through undersigned counsel, respectfully submit this joint status report in accordance with the Court's August 24, 2026, Minute Order.

In the last joint status report, the parties stated that they would confer about Plaintiff's various questions. On September 14, 2026, the Department communicated via counsel that it declines to provide further responses to Plaintiff's questions.

**Plaintiff's Position:**

Plaintiff's outstanding issues in this matter relate to two discrete portions of the underlying complaint. First, questions remain about Defendant's searches for DOJ and FBI official communications about handling the Epstein files. On July 2, 2026, Plaintiff communicated through counsel two short inquiries about the Department's searches, intended to facilitate resolution of the separate requests dealing with then-AG Pam Bondi's and FBI Director Patel's official communications about the handling of the Epstein files. Defendant declared in the July 6, 2026 joint status report that it could not answer these inquiries by the time of filing because Department employees with relevant knowledge were away for the holiday. *See* ECF No. 21. On

July 10, the FBI responded via counsel with its answers to Plaintiff's questions about Director Patel's communications, helping to narrow the issues. The Department now declines to answer the same questions about its search for AG Bondi's records.[1]

Plaintiff renews its request for draft search declarations for these two records requests. If Defendant is unwilling to provide these search declarations outside of initiating summary judgment proceedings, Plaintiff is prepared to move forward in that vein on the two subject requests only. This leaves active the third and fourth requests contained in the Complaint for records about Epstein in DOJ and FBI's possession. *See* ECF No. 1.

The final issue in this matter is Defendant's production of the remaining, yet-unreleased Epstein records requested by Plaintiff and required by the Epstein Files Transparency Act, *Epstein Files Transparency Act*, Pub. L. No. 119-38, 139 Stat. _ (2025), listed in the Parties' last status report. *See* ECF No. 21. After seven months of Plaintiff following up on outstanding Epstein records, Defendant through counsel now summarily "declines to provide further information."

Defendant fails to identify any legal justification for continuing to withhold Epstein records. Neither FOIA nor the EFTA permits this outright, unjustified refusal to search for and produce records. Accordingly, Plaintiff respectfully requests the Court order Defendant to conduct

[1] "Can DOJ confirm:

1. AG Bondi's Signal messages and text messages were searched for comms related to Epstein?
2. AG Bondi sent no communications/memos/directives related to Epstein?
3. AG Bondi was sent no communications/memos/directives related to Epstein?
4. AG Bondi did not transmit communications/memos/directives related to Epstein through her staff?
5. AG Bondi did not use private or non-government accounts to transmit communications/memos/directives related to Epstein?" Email from Philumina Johanni, Counsel for Plf., to Sam Escher, Counsel for Def. (July 2, 2026) (copy on file with author).

a search for remaining Epstein records in its possession and to produce all non-exempt records in a timely manner.

**Defendant's Position:**

The Department's position regarding Plaintiff's questions is consistent with the terms and limitations of the FOIA, which places no obligation on an agency to answer a requester's questions or provide a requester with declarations in advance of the merits phase.

FOIA cases typically and appropriately are decided on motions for summary judgment. The Department has made its determinations in response to Plaintiff's FOIA requests and is prepared to defend its position with leave of the Court to move for summary judgment. The final issue Plaintiff raises is a merits issue best resolved under that framework. Accordingly, the Department requests this Court to decline Plaintiff's request for a Court order and Plaintiff's invitation to proceed with piecemeal litigation. The Department requests that the Court order the Parties to set a briefing schedule unless a stipulation of dismissal is first entered.

Accordingly, unless a stipulation of dismissal is first filed, the parties propose filing a joint status report by October 15, 2026, identifying the remaining disputes between the parties and proposing a briefing schedule.

* * *

Date: September 15, 2026

*/s/ Philumina Johani*
PAUL J. ORFANEDES
DC Bar No. 429716
PHILUMINA JOHANNI*
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
Email: porfanedes@judicialwatch.org
Email: pjohanni@judicialwatch.org

*Counsel for Plaintiff*
**Admitted Pro Hac Vice*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Benjamin W. Owen*
Benjamin W. Owen
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-0899

*Attorneys for United States of America*